# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

**In re: Navy Chaplaincy:**　　　　　　　　　　**No. 23-5283**

## STATEMENT OF ISSUES TO BE RAISED

The statute at issue. 18 U.S.C. § 2401(a) states in relevant part , "Except as provided by chapter 71 of title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

The issue in this appeal is what is the proper standard of evidence required for a Navy chaplain to accrue a right of action challenging the legality of Chaplain Corps promotion procedures and/or a denial of a promotion given the unique context and characteristics of the Navy's chaplain promotion system.

First, Congress established an "up or out" military promotion system where the number of promotions for a particular rank are less than the number of qualified applicants and the promotion rate for each rank decreases as the rank level increases. *See Schlesinger v. Ballard*, 419 U.S. 498, 502–04 (1975) (describing Navy up or out system whose purpose is to provide competitive pathways for the best qualified to rise to the top and keep the force young). Non-selections are expected and presumed "regular." Not being selected is not an injury unless there is a violation of procedures, regulations and/or law.

1

Second, the promotion board proceedings are protected from disclosure or discovery by statute and regulations unless the Secretary of Navy releases board members from their oath of secrecy. Unauthorized disclosure of board proceedings would be a violation of the Uniform Code of Military Justice.

Third, the normal administrative means for handling complaints or seeking a change in promotion outcome, *e.g.*, Inspector General complaints or investigations or the Board of Corrections for Naval Records, require strong evidence to change a record of non-selection and/or recommend a new promotion board.

The appellant chaplains argued tolling should apply to their claims because the Navy promotion system is one that conceals fraud and other misconduct and other equitable factors apply such as difficulty of discovery.

The District Court, despite evidence of corrupt board practices and Navy Chaplain Corps leadership consistent denials of any denominational favoritism or preferences found the appellant chaplains were on notice when they suspected foul play or failed of selection and therefore failed to pursue their rights and tolling did not apply.

The question is whether the District Court's analysis and holding are consistent with the presumption of regularity, the realities of the Navy promotion system, the history of the discovery of corrupt board practices, and Circuit law on accrual which in various ways states that a plaintiff accrues a right of action when

2

he has sufficient evidence to file a suit and/or defeat a motion to dismiss.

Dated: January 2, 2024                    Respectfully Submitted,
                                                                 /S/Arthur A. Schulcz Sr.
                                                          ARTHUR A. SCHULCZ SR.
                                                          Chaplains' Counsel, PLLC
                                                          Counsel for Appellants
                                                          D.C. Bar No. 453402
                                                          21043 Honeycreeper Pl.
                                                          Leesburg, VA 20175
                                                          703-645-4010
                                                          art@chaplainscounsel.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2024, I filed the foregoing Appellants' **Statement of Issues to be Raised** in the Circuit Court's ECF/ECM filing system which will serve it on the following opposing counsel electronically:

| | |
|---|---|
| Sushma Soni | Charles W. Scarborough |
| Attorney, Appellate Staff | Attorney, Appellate Staff |
| Civil Division | Civil Division |
| U.S. Department of Justice | U.S. Department of Justice |
| 950 Pennsylvania Ave, N.W. | 950 Pennsylvania Ave, |
| Rm. 7218 | Washington, D.C. 20530 |
| Washington, D.C. 20530 | charles.scarborough@usdoj.gov |
| sushma.soni@usdoj.gov | |

  /S/Arthur A. Schulcz, Sr.
ARTHUR A. SCHULCZ, SR.
Counsel for Appellants
D.C. Bar No. 453402
21043 Honeycreeper Pl.
Leesburg, VA 20175
703-645-4010
art@chaplainscounsel.com